CHRISTOPHER E. BABBITT (SBN 225813)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
E-mail: christopher.babbitt@wilmerhale.com

JOHN A. MAIER (SBN 191416)
MAIER PFEFFER KIM GEARY & COHEN LLP
1440 Broadway, Suite 812
Oakland, CA  94612
Telephone:  (510) 835-3020
Facsimile:  (510) 835-3040
E-mail: jmaier@jmandmplaw.com

Attorneys for Plaintiff
NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA

KAMALA D. HARRIS
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
NEIL D. HOUSTON (SBN 168058)
WILLIAM P. TORNGREN (SBN 58493)
TIMOTHY M. MUSCAT (SBN 148944)
Deputy Attorneys General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 322-5184
Facsimile:  (916) 323-2319
E-mail: Timothy.Muscat@doj.ca.gov

Attorneys for Defendant
STATE OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA,<br><br>              Plaintiff,<br><br>       v.<br><br>STATE OF CALIFORNIA,<br><br>              Defendant. | **Case No. 1:15-cv-00419-AWI-SAB**<br><br>**JOINT STATUS REPORT**<br><br>**DATE:   July 21, 2015**<br>**TIME:   9:45 AM**<br>**CTRM:  #9 (6th Floor) (By Telephone)**<br><br>**STANLEY A. BOONE**<br>**U.S. MAGISTRATE JUDGE** |

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Requiring Joint Status Report (Dkt. 3), Plaintiff the North Fork Rancheria of Mono Indians of California (the Tribe) and Defendant the State of California (the State) hereby submit this Joint Status Report.

1.     **Summary of factual and legal contentions.**  The Tribe brings this action under the remedial provision of the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. § 2710(d)(7)(A)(i), to compel the State to comply with IGRA's requirement that it negotiate in good faith for the purpose of entering into a tribal-state class III gaming compact with the Tribe under 25 U.S.C. § 2710(d)(3).  In 2012, the Governor of California and the Tribe concluded a compact and the Legislature ratified that compact, but a referendum, Proposition 48, subsequently rejected the Legislature's ratification statute.  The Tribe alleges that such rejection violated IGRA.  The Tribe further alleges that the State has violated its duty to negotiate in good faith by refusing to honor the ratified compact after the referendum or by refusing to negotiate a new compact.  The Tribe seeks a declaration that the State has failed to negotiate with the Tribe, and/or has not negotiated in good faith, as required by IGRA.  The Tribe further seeks an order requiring the State to conclude a class III gaming compact with the Tribe within 60 days, pursuant to 25 U.S.C. § 2710(d)(7)(B)(iii), failing which a compact will be selected by a mediator pursuant to 25 U.S.C. § 2710(d)(7)(B)(iv), and providing that if the State fails to consent to the compact selected by the mediator within 60 days, the United States Secretary of the Interior (the Secretary) shall prescribe, in consultation with the Tribe, the procedures under which the Tribe may conduct gaming on the Tribe's Indian lands, pursuant to 25 U.S.C. § 2710(d)(7)(B)(vii).

The State alleges that as a result of the statewide referendum election on Proposition 48, the Legislature's statute to ratify the Tribe's compact never took effect. The State alleges that no provision of IGRA compels the people of the State of California

**JOINT STATUS REPORT (1:15-cv-00419-AWI-SAB)**

to forego exercising their reserved power of initiative and referendum under the California Constitution.  The State further alleges that the Tribe has failed to state facts sufficient to constitute a claim upon which relief may be granted, and that the Tribe's claim is in violation of the Tenth and Eleventh Amendments to the United States Constitution.  The State further alleges that it has not violated any provision of IGRA, and that it has not refused to negotiate with the Tribe regarding any of the Tribe's Indian lands other than the Madera Parcel.

2.     **Deadline for amendments to the pleadings.**  Neither party currently anticipates amending the pleadings, but the Tribe reserves the right to amend or seek to amend its complaint, and the State reserves the right to amend or seek to amend its answer, following this Court's resolution of the parties' proposed cross-motions for judgment on the pleadings.

3.     **Summary of uncontested and contested facts.**  The following facts are uncontested:

The Tribe is a federally recognized Indian tribe that has lived in and around what is known today as Madera County from time immemorial.  Beginning in March 2005, the Tribe sought to have approximately 305 acres of land located in an unincorporated portion of Madera County (the Madera Parcel) taken into trust on its behalf pursuant to the Indian Reorganization Act (IRA), 25 U.S.C. § 465, to construct a gaming facility.  In September 2011, the Secretary  issued a favorable determination pursuant to IGRA, 25 U.S.C. § 2719(b)(1)(A), making the parcel eligible for class III gaming.  In August 2012, the Governor of California concurred in that determination.  On February 5, 2013, the federal government took the Madera Parcel into trust for the Tribe.

In parallel with the federal land-into-trust process, the Tribe requested that the State negotiate with it to enter into a tribal-state gaming compact that would govern the conduct of class III gaming activities on the Madera Parcel.  25 U.S.C. § 2710(d)(3)(A).

2

The Tribe and California's Governor concluded a gaming compact in August 2012.  The California Legislature passed a statute to ratify the compact in June 2013.  A referendum on that ratifying statute was placed on the November 4, 2014 ballot, and the electorate voted to reject the Legislature's ratification.

Following the referendum, the State has taken the position that the ratifying statute never took effect.  In letters dated June 27, 2014 and January 2, 2015—both before and after the referendum—the Tribe requested negotiations with the State for a new compact governing class III gaming on the Madera Parcel in the event the referendum were held to be legally effective with respect to the 2012 compact.  In a letter dated July 8, 2014, the State declined to enter into new compact negotiations at that time because (in the State's view) the referendum process was not exhausted, and thus, the Tribe's request was premature.  In a letter dated January 16, 2015, the State declined to enter into new negotiations for a proposed class III gaming facility on the Madera Parcel.  The January 16 letter stated, in part, that "[g]iven that the people have spoken, entering into negotiations for a new compact for gaming on the Madera parcel would be futile."  More than 180 days have passed since the Tribe originally made and subsequently renewed its request that the State negotiate with it to enter into a tribal-state compact for gaming on the Madera Parcel.

4.     **Summary of undisputed and disputed legal issues.**  The parties agree that, under IGRA, the State has a duty to negotiate in good faith for the purpose of entering into a tribal-state class III gaming compact.  The parties disagree about the scope of that good faith duty as applied to facts of this case.

The Tribe's position is that the duty to negotiate in good faith extends to the entire State, not just the Governor or the Legislature.  The Tribe contends that the State must negotiate towards an enforceable agreement to comply with this duty.  The Tribe also contends that the State's position that further negotiations would be (in the State's words)

"futile" following the referendum amounts to failure to negotiate under IGRA that entitles the Tribe to the remedies available under 25 U.S.C. § 2710(d)(7).  Furthermore, it is the Tribe's position that IGRA restricts negotiation to certain topics, and that the referendum was impermissibly based on opposition to off-reservation gaming.

The State's position is that as a result of the statewide referendum election on Proposition 48, the Legislature's statute to ratify the Tribe's compact never took effect. The State alleges that no provision of IGRA compels the people of the State of California to forego exercising their reserved power of initiative and referendum under the California Constitution.  The State further alleges that the Tribe has failed to state facts sufficient to constitute a claim upon which relief may be granted, and that the Tribe's claim is in violation of the Tenth and Eleventh Amendments to the United States Constitution.  The State further alleges that it has not violated any provision of IGRA, and that it has not refused to negotiate with the Tribe regarding any of the Tribe's Indian lands other than the Madera Parcel.

5.    **Status of matters before the Court.**  There are currently no motions or other matters pending before the Court.

6.    **Discovery plan.**  The parties agree that the claims may properly be resolved on cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and that no discovery prior to those motions is needed.  In the event that neither party's motion for judgment on the pleadings is granted, the parties propose to file an updated joint status report with a discovery plan.

a.    **Initial disclosures.**  The parties stipulate that initial disclosures are not necessary, because no discovery is anticipated.

b.    **Cut-off for non-expert discovery.**  The parties do not anticipate any non-expert discovery.

4

   c.  **Disclosure of expert witnesses.**  The parties do not anticipate using expert witnesses.

   d.  **Cut-off for expert discovery.**  The parties do not anticipate using expert witnesses.

   e.  **Proposed changes in the limits on discovery.**  Because no discovery is expected, the parties do not propose any changes to the limits on discovery.

   f.  **Protective order.**  The parties do not anticipate needing a protective order.

   g.  **Timing issues.**  Because no discovery is expected, the parties do not have any issues or proposals with respect to timing, sequencing, phasing, or scheduling discovery.

   h.  **Non-US discovery.**  The parties do not anticipate international discovery.

   i.  **Recording of depositions.**  The parties do not anticipate taking any depositions.

7.  **Dates.**

   a.  **Filing of pre-trial motions**.  The Parties propose the following schedule for initial dispositive motions pursuant to Federal Rule of Civil Procedure 12(c):

      i.   August 17, 2015 - The Tribe files its motion for judgment on the pleadings, up to twenty-five pages in length;

      ii.   September 17, 2015 - The State files a single brief, up to forty pages in length, encompassing its own cross-motion for judgment on the pleadings and opposition to the Tribe's motion;

iii.   October 8, 2015 - The Tribe files a single brief, up to thirty

pages in length, encompassing its opposition to the State's

cross-motion and reply in support of its own motion; and

iv.   October 29, 2015 - The State files its reply in support of its

own motion, up to fifteen pages in length.

b. **Pre-trial conference date.**  Because the parties believe the case can be

resolved by dispositive motion, there is no need for a pre-trial

conference.

c. **Trial date**.  Because the parties believe the case can be resolved by

dispositive motion, there is no need for trial.

8.     **Settlement.**  Given the nature of the claims, the parties do not believe

settlement is possible.

9.     **Jury or non-jury case.**  No party has demanded a jury.

10.    **Estimate of trial days.**  No trial is anticipated.

11.    **Consent to proceed before magistrate judge.**  The parties decline to

proceed before a magistrate judge.

12.    **Bifurcation or phasing.**  No bifurcation or phasing is requested.

13.    **Related matters.**  This case is related to the pending cases *Stand Up for

California!, et al. v. State of California, et al.*, No. F069302 (Cal. Ct. App. 5th Dist., Dec.

17, 2014), *Stand Up for California!, et al. v. State of California, et al.*, No. F070327 (Cal.

Ct. App. 5th Dist., Dec. 17, 2014), and *Stand Up for California!, et al. v. United States

Department of the Interior, et al.*, No. 1:12-cv-02039-BAH (D.D.C.), because they

"involve the same property, transaction, or event."  Local Rule 123(a)(2).  While the four

cases present distinct legal issues, each involves (inter alia) the 2012 tribal-state gaming

compact between the State of California and the Tribe governing the conduct of gaming

on the Madera Parcel.

**JOINT STATUS REPORT (1:15-cv-00419-AWI-SAB)**

The California Court of Appeal cases both arise from the same case below. Appeal number F069302 involves a challenge to the power of the California Governor to concur in the Secretary of the Interior's determination authorizing gaming on the Madera County parcel. *See* 25 U.S.C. § 2719(b)(1)(A).  Both the Tribe and the State have argued that the California Constitution and state statutory law grant the Governor the power to make such a concurrence.  The trial court ruled in favor of the Tribe and the State, sustaining their demurrers; the case is now fully briefed on appeal and awaiting oral argument.  Appeal number F070327 involves a counterclaim by the Tribe challenging the validity, under state law, of the referendum purporting to overturn the ratified compact. The trial court ruled that the referendum was valid under state law, sustaining the demurrers to the Tribe's cross-complaint; appellate briefing is now in progress.

The District of Columbia District Court case involves an Administrative Procedure Act challenge to the Secretary of the Interior's decisions to take the Madera Parcel in trust for the Tribe, authorize gaming on that land, and approve and effectuate the 2012 tribal-state compact.  The Tribe and the Secretary have defended the decisions as supported by substantial evidence and fully consistent with the law.  The district court refused to grant a preliminary injunction staying the Secretary's decision to take the Madera Parcel into trust, and cross-motions for summary judgment are now fully briefed and awaiting oral argument.  The State is not a party to this litigation.

14. **Other matters.**  The parties request the Court give expedited treatment to this case, as it presents discrete legal issues that can be resolved on the pleadings.

1   DATED:  July 14, 2015                    Respectfully submitted,

2

3                                            By:      /s/ Christopher E. Babbitt

4

5                                            Christopher E. Babbitt
                                             Wilmer Cutler Pickering Hale and Dorr LLP

6                                            John A. Maier
                                             Maier Pfeffer Kim Geary & Cohen LLP
7

8                                            Attorneys for PLAINTIFF, NORTH FORK
                                             RANCHERIA OF MONO INDIANS OF
9                                            CALIFORNIA

10

11                                           KAMALA D. HARRIS
                                             Attorney General of California
12                                           SARA J. DRAKE
                                             Senior Assistant Attorney General
13                                           NEIL D. HOUSTON
                                             WILLIAM P. TORNGREN
14                                           Deputy Attorneys General

15

16

17                                           By:      /s/ Timothy M. Muscat

18                                           Timothy M. Muscat
                                             Deputy Attorney General
19                                           Attorneys for DEFENDANT, STATE OF
                                             CALIFORNIA
20

21

22

23

24

25

26

27

28

                                            8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

NORTH FORK RANCHERIA OF MONO
INDIANS OF CALIFORNIA,

       Plaintiff,

      v.

STATE OF CALIFORNIA,

       Defendant.

Case No. 15-cv-00419

**CERTIFICATE OF SERVICE**

    I hereby certify that, on July 14, 2015, I electronically filed the foregoing Joint
Status Report with the Clerk of the Court for the U.S. District Court for the Eastern
District of California using the CM/ECF system, which sent notification of such filing to
counsel of record in this case.

               */s/ Christopher E. Babbitt*

             CHRISTOPHER E. BABBITT (SBN 225813)
             WILMER CUTLER PICKERING
               HALE AND DORR LLP
             1875 Pennsylvania Avenue, N.W.
             Washington, D.C.  20006
             Telephone:  (202) 663-6000
             Facsimile:  (202) 663-6363
             E-mail: christopher.babbitt@wilmerhale.com