KAMALA D. HARRIS
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
NEIL D. HOUSTON, State Bar No. 168058
WILLIAM P. TORNGREN, State Bar No. 58493
TIMOTHY M. MUSCAT, State Bar No. 148944
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 322-5184
  Fax: (916) 323-2319
  E-mail: Timothy.Muscat@doj.ca.gov
*Attorneys for Defendant State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendant.<br><br>―――――――――――――<br><br>CHOWCHILLA (CHAUSHILHA) TRIBE OF YOKUTS,<br><br>Intervenor. | 1:15-cv-00419-AWI-SAB<br><br>**DEFENDANT'S OPPOSITION TO CHOWCHILLA TRIBE OF YOKUTS' MOTION TO INTERVENE**<br><br>Date:        August 17, 2015<br>Time:       1:30 p.m.<br>Courtroom: 2<br>Magistrate Judge: Honorable Stanley A. Boone<br>Trial Judge: Honorable Anthony W. Ishii<br>Trial Date:  None Set<br>**Action Filed: March 17, 2015** |

## INTRODUCTION

The action, brought by Plaintiff North Fork Rancheria of Mono Indians of California (North Fork or Tribe) against Defendant State of California (State), raises a very narrow issue under federal law. Specifically, this action requires the Court to decide whether the State violated its

1

statutory duty to negotiate in good faith with North Fork under the Indian Gaming Regulatory Act (IGRA) (18 U.S.C. §§ 1166-1168; 25 U.S.C. §§ 2701-2721). Pursuant to the Scheduling Order adopted by this Court on July 22, 2015, this limited legal issue under IGRA is set for resolution pursuant to scheduled cross-motions for judgment on the pleadings. These motions will be filed and briefed by North Fork and the State during the next three months.

Given this case's narrow scope and likely prompt resolution, intervention by the Chowchilla (Chaushilha) Tribe of Yokuts (Chowchilla or Group) is unwarranted under Rule 24(A)(2) of the Federal Rules of Civil Procedure (Rule 24(A)(2)) for four reasons. First, in light of the scheduled cross-motions for judgment on the pleadings, Chowchilla's motion is not timely. Second, because Chowchilla is neither a federally recognized Indian Tribe, nor presently attempting to seek federal recognition by the United States Department of the Interior (Department of Interior), this Group has no significantly protectable interest in this IGRA lawsuit. Third, for the same reasons, Chowchilla can shown no impairment of any significantly protectable interest. Fourth, even if Chowchilla can show an impaired protectable interest, any such interest is adequately represented by the State because both the State and Chowchilla share the same ultimate objective of defending Proposition 48's outcome and preventing North Fork from obtaining any judicial remedy in this IGRA bad faith lawsuit. Finally, the same reasons for rejecting Chowchilla's motion for intervention as a matter of right apply equally to the Group's motion for permissive intervention.

## ARGUMENT

### I. CHOWCHILLA IS NOT ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER FEDERAL RULE 24(A)(2)

Chowchilla does not meet the four-part test for intervention as a matter of right under Rule 24(a)(2). The Ninth Circuit follows the below test for intervention under this statute:

> A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition

of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F. 3d 1078, 1083 (9th Cir. 2003) (*Arakaki*) (citing *Donnelly v. Glickman*, 159 F. 3d 405, 409 (9th Cir. 1998) (*Donnelly*)).

When applying this test "[e]ach of these four requirements must be satisfied to support a right to intervene. *Arakaki*, 324 F. 3d at 1083 (citing *League of United Latin Am. Citizens v. Wilson*, 131 F. 3d 1297, 1302 (9th Cir. 1997) (*League*)). Chowchilla's motion to intervene fails to meet all four requirements under Rule 24(a)(2).

### A. Given the Existing Scheduling Order that Sets Early Cross-Motions for Judgment on the Pleadings, Chowchilla's Motion is not Timely

Chowchilla's contention that its motion to intervene is timely because it was filed "at the outset of this case" (Chowchilla's Mem. of Law Supp. Mot. Intervene (Chowchilla Motion) 9) is misleading. While North Fork's Complaint was filed on March 17, 2015, the Court has already scheduled this case for potentially dispositive cross-motions for judgment on the pleadings. Because this lawsuit presents a legal dispute under IGRA regarding North Fork's claim that the State failed to negotiate in good faith, and since there appear to be no materially disputed facts between the parties, early judicial resolution seems likely. Accordingly, given this case's narrow issues and rapid pace towards resolution, Chowchilla's motion is untimely and disruptive. In the absence of any commitment by the Group to comply with this case's established Scheduling Order, Chowchilla's motion should be denied as untimely.

### B. As a Group that Lacks Federal Recognition, Chowchilla can Show No Significantly Protectable Interest in this IGRA Bad Faith Lawsuit

To establish a significantly protectable interest, the intervening party must show that "the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Arakaki*, 324 F. 3d at 1084 (quoting *Sierra Club v. EPA*, 995 F. 2d 1478, 1484 (9th Cir. 1993)). This test is generally satisfied "only if the resolution of the plaintiff's claims actually will affect the applicant." *Id.* (quoting *Donnelly*, 159 F. 3d at 410).

Chowchilla attempts to meet this requirement by arguing that North Fork's proposed gambling establishment on the Madera site under the class III gaming compact negotiated between the Tribe and the State (North Fork Compact) would be located on the Group's "tribal homeland." (Chowchilla Motion 10.) But Chowchilla's claimed "homeland" is inconsistent with the facts. It is undisputed that Chowchilla is not a federally recognized Indian Tribe. (See Decl. R. Lee Fleming Supp. Def.'s Opp. Chowchilla Tribe of Yokuts' Mot. to Intervene (Fleming Decl.), 2.) Further, despite its allegation of a historic homeland near the City of Madera, Chowchilla has not sent a Letter of Intent to the Assistant Secretary – Indian Affairs within the Department of Interior establishing its intent to become federally recognized. (*Id.*) Moreover, the Group has not provided the Department of Interior with a Documented Petition to begin the petitioning process to become a federally recognized tribe. (*Id.*)

While Chowchilla states that the "North Fork Casino may also frustrate the Chowchilla Tribe's ongoing efforts to seek federal recognition" (Chowchilla Mot. 13), the alleged "ongoing efforts" have clearly not yet begun with the Department of Interior. (Fleming Decl. 2.) As a result, Chowchilla's motion to intervene has not, and cannot, claim that the Group is either federally recognized, or that it has even started the federal recognition process with the Department of Interior. Nor does the Group claim to possess any Indian lands in federal trust.

Because Chowchilla lacks federal recognition, the Group cannot compel the State to enter into compact negotiations under IGRA for a class III gaming establishment, either on its alleged homelands or anywhere else in California. Accordingly, Chowchilla's motion to intervene fails to show how the Group possesses a significantly protected interest that would actually be affected if North Fork were to prevail in this action and ultimately operate its proposed gaming establishment at the Madera site. At most, Chowchilla's motion asserts a speculative and hypothetical interest that might possibly be impacted in the future *if* the Group actually began the federal recognition process with the Department of Interior, *if* the Group then became a federally recognized Indian Tribe, and *if* the Group then obtained Indian lands in federal trust near the City of Madera. But none of these potentially protectable interests exist today. Chowchilla has

therefore not met its burden of showing the existence of a legally protected interest that could actually be affected by the outcome of this action.

### C. Chowchilla's Motion Shows No Impairment of a Protected Interest

Chowchilla argues that it meets Rule 24(a)(2)'s "impairment" prong because North Fork's proposed casino is located in Chowchilla's historic lands, and because Chowchilla has "demonstrated a strong interest in halting off-reservation Class III gaming, particularly at the site within its territory." (Chowchilla Mot. 12) Chowchilla also claims that North Fork's proposed casino would "negatively affect the environment" in its "historic homeland." (*Id.* 13.) Finally, the Group contends that North Fork's proposed casino would "frustrate the Chowchilla Tribe's ongoing efforts to seek federal recognition." (*Id.*)

Again, Chowchilla's arguments essentially admit why the Group has not shown any impairment. Chowchilla is not a federally recognized Indian Tribe, and despite its vague reference to "ongoing efforts to seek federal recognition" (Chowchilla Mot. 13), such efforts have yet to commence with the Department of Interior. (Fleming Decl. 2.) Thus, Chowchilla is merely one of many groups that maintains a policy interest opposed to the North Fork Compact. But for the reasons discussed below, any such interest in blocking North Fork's proposed class III gaming facility at the Madera site is adequately represented by the State.

### D. Chowchilla's Motion Shows no Inadequate Representation Because the State Continues to Defend the People's Will in Rejecting the North Fork Compact

In its opposition, Chowchilla claims that Rule 24(a)(2)'s "inadequate representation" requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." (Chowchilla Mot. 14, quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). In an effort to meet this showing, Chowchilla expresses concern based on the Governor's previous negotiations over the North Fork Compact, and on comments the Governor allegedly made at a press conference. (Chowchilla Mot. 14-15.) Regardless of any interpretation of such previous negotiations or comments, the Ninth Circuit has held that "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of

5

representation arises." *Arakaki*, 324 F. 3d at 1086 (citing *League*, 131 F. 3d at 1305). Moreover, "[t]here is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents." *Id.* (citing *United States v. City of Los Angeles*, 288 F. 3d 391, 401 (9th Cir. 2002)). Absent a "'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." *Id.* (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. and Proc.: Civil 2d* § 1909, 332 (Supp. 2002)).

In this case, Chowchilla and the State share the same ultimate objective in defending the will of the People as expressed in the People's rejection of the North Fork Compact through the referendum process. While the State, through the Governor, negotiated and executed the North Fork Compact, and the Legislature ratified this compact by passing AB 277, the State has consistently maintained that AB 277 never went into effect due to the successful referendum (Proposition 48) that challenged this statute. This key legal position, which the State has always maintained, was originally litigated in *Stand Up for California v. State of California, et al.* (Super. Ct. Cal. Madera Co., Case No. MCV062850) (*Stand Up for California*).

In *Stand Up for California*, the State, along with several other state defendants,[1] filed a demurrer to a cross-complaint filed by North Fork. In that demurrer, the State argued that North Fork's cross-complaint should be dismissed because the referendum challenging AB 277 constituted a lawful exercise of the people's reserved power under the California Constitution. (Thorpe Decl. 1, Ex. A, 3-4.) Under this legal position, which the State advanced even before the vote on Proposition 48, the State argued that as a statute, AB 277 was a legislative act subject to a referendum election. (*Id.* 4-7.) The State further argued that unless exempt, state statutes are legislative acts under the California Constitution, and that compact ratification statutes such as AB 277 had been previously subject to referenda elections in California. (*Id.* 7-10.) Finally, the

---

[1] In addition to the State, the other state defendants in *Stand Up for California* are Edmund G. Brown Jr., in his official capacity as Governor of the State of California, Kamala D. Harris, in her official capacity as the Attorney General of California, the Gambling Control Commission, and the Bureau of Gambling Control. (Decl. of Linda Thorpe Supp. Def.'s Opp'n Chowchilla Tribe of Yokuts' Mot. Intervene (Thorpe Decl.) 1, Ex. A 1.)

State argued that AB 277 did not conflict with IGRA because state law determined when an IGRA compact was entered into with a Tribe. (*Id.* 10-13.)

As a result of the above arguments, the superior court in *Stand Up for California* sustained the State's demurrer to North Fork's cross-complaint (Thorpe Decl. 1, Ex. B), and entered judgment in the State's favor. (*Id.*, Ex. C.) North Fork appealed this adverse judgment, and the appeal is pending in the California Court of Appeal, Fifth Appellate District.

The State's aggressive defense of Proposition 48 in *Stand Up for California* continues in this federal case. The State's Answer, filed on May 6, 2015, contains a second affirmative defense contending that "no provision of IGRA compels the people of the State of California to forego exercising their reserved power of initiative and referendum under the California Constitution." (Cal. Answer Compl. North Fork Rancheria of Mono Indians of Cal. 15.) Moreover, in the Joint Status Report prepared by the parties in this case and filed on July 14, 2015, the State reasserts that "as a result of the statewide referendum election on Proposition 48, the Legislature's statute to ratify the Tribe's compact never took effect." (Joint Status Report 4.)

This litigation history, both in *Stand Up for California* and this federal case, shows that the State is fully committed to defending the People's will as expressed in Proposition 48. Therefore, Chowchilla and the State share the same ultimate objective of defending Proposition 48's outcome, and preventing North Fork from obtaining any judicial remedy in this IGRA bad faith case. Because the record documents that the State is defending Proposition 48 on behalf of all of its citizens, including the Chowchilla, this Court should presume that the State's representation is adequate. *Arakaki*, 324 F.3d at 1086. While Chowchilla attempts to overcome this mandatory presumption by misconstruing certain comments allegedly made by the Governor at a press conference, the Group's efforts are unpersuasive when compared with the State's aggressive and well-documented defense of Proposition 48. Consequently, because Chowchilla has not overcome the presumed adequacy of the State's defense, its request for intervention under Rule 24(a)(2) should be denied.

## II. CHOWCHILLA IS NOT ENTITLED TO PERMISSIVE INTERVENTION UNDER FEDERAL RULE 24(B)

Chowchilla also seeks permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure, claiming that such intervention is permitted when the applicant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Perry v. Proposition 8 Official Proponents*, 587 F. 3d 947, 955 (9th Cir. 2009) (*Perry*) (quoting *Northwest Forest Resource Council v. Glickman*, 82 F. 3d 825, 839 (9th Cir. 1996)). For the reasons previously discussed, the State submits that Chowchilla has not met this burden. Furthermore, even if Chowchilla could meet this initial standard for permissive intervention, "the court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties." *Id.* (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F. 2d 1326, 1329 (9th Cir. 1977)).

Similar to Chowchilla's claim for mandatory intervention, permissive intervention should also be denied because Chowchilla and the State possess the same basic interest to uphold the People's will as expressed in Proposition 48. Further, as discussed above, the State has demonstrated its commitment to doing so both in this federal case, and the ongoing state litigation in *Stand Up for California*. Accordingly, based on the "identity of interests" between the State and Chowchilla, as well as the State's "ability to represent those interests adequately" in this case, this Court should exercise its broad discretion and deny Chowchilla's motion for permissive intervention. *Perry*, 587 F. 3d at 955.

## CONCLUSION

For all the forgoing reasons, Chowilla's motion to intervene should be denied.

Dated: August 3, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
NEIL D. HOUSTON
Deputy Attorney General
WILLIAM P. TORNGREN
Deputy Attorney General


s/ TIMOTHY M. MUSCAT


TIMOTHY M. MUSCAT
Deputy Attorney General
*Attorneys for Defendant State of California*