1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WANGER JONES HELSLEY PC**
265 East River Park Circle, Suite 310
Fresno, California  93720
Telephone:     (559) 233-4800
Facsimile:      (559) 233-9330

Timothy Jones #119841
Patrick D. Toole #190118
Josiah M. Prendergast #292840

Attorneys for:  Intervenor Chowchilla (Chaushilha) Tribe of Yokuts

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendants.<br><br>———————————————<br><br>CHOWCHILLA (CHAUSHILHA) TRIBE OF YOKUTS,<br><br>Intervenor. | Case No.  1:15-CV-00419 AWI SAB<br><br>**JOINT REPLY TO OPPOSITIONS TO MOTION TO INTERVENE**<br><br>**Date:  August 17, 2015**<br>**Time:  8:30 a.m.**<br>**Dept:  2**<br><br>**Complaint Filed:  March 17, 2015**<br>**Trial Date:       Not set**<br><br>**Trial Judge:       Anthony W. Ishii**<br><br>**Magistrate Judge:  Stanley A. Boone** |

{5609/036/00566635.DOC}

JOINT REPLY TO OPPOSITIONS TO MOTION TO INTERVENE

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3   I.    INTRODUCTION ...................................................................................................1

4   II.   LAW AND ARGUMENT ......................................................................................3

5         A.  The Parties Identify No Prejudice Resulting From Intervention .............................3

6         B.  The Chowchilla Tribe's Motion to Intervene Is Timely ...................................4

7         C.  The Chowchilla Tribe Has Protectable Interests in This Litigation ........................6

8         D.  The State Is Not an Adequate Representative............................................8

9         E.  In the Alternative, Permissive Intervention Is Justified............................9

10  III.  CONCLUSION.......................................................................................................9

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

# FEDERAL CASES

*ACLU of Minn. v. Tarek ibn Ziyad Academy,*
643 F.3d 1088 (8th Cir. 2011) .................................................................5

*Arakaki v. Cayetano,*
324 F.3d 1078 (9th Cir. 2003) .................................................................6

*Cal. Dump Truck Owners Ass'n v. Nichols,*
275 F.R.D. 303 (E.D. Cal. 2011) ...........................................................4, 5

*California ex rel. Lockyer v. United States,*
450 F.3d 436 (9th Cir. 2006) .............................................................2, 6, 7

*Citizens for Balanced Use v. Montana Wilderness Ass'n,*
647 F.3d 893 (9th Cir. 2011) ...............................................................4, 6

*County of Fresno v. Andrus,*
622 F.2d 436 (9th Cir.1980) ..................................................................6

*Cunningham v. David Special Commitment Ctr.,*
158 F.3d 1035 (9th Cir. 1998) ................................................................6

*Donnelly v. Glickman,*
159 F.3d 405 (9th Cir. 1998) ...............................................................4, 5

*Edwards v. City of Houston,*
78 F.3d 983 (5th Cir. 1996) ...................................................................5

*Farmland Dairies and Fairlawn Dairies, Inc. v. Comm'r of the N.Y. State
Dep't of Agric. and Mkts.,*
847 F.2d 1038 (2d Cir. 1988)..................................................................5

*League of United Latin Am. Citizens v. Wilson,*
131 F.3d 1297 (9th Cir. 1997) .............................................................3, 5

*Officers for Justice v. Civ. Serv. Comm'n,*
934 F.2d 1092 (9th Cir. 1991) ................................................................5

*Petrol Stops Northwest v. Continental Oil Co.,*
647 F.2d 1005 (9th Cir. 1981) ................................................................5

*Pueblo of Santa Ana v. Kelly,*
104 F.3d 1546 (10th Cir. 1997) ...............................................................7

**TABLE OF AUTHORITIES (Cont.)**

**Page**

*Reich v. ABC/York-Estes Corp.*,
64 F.3d 316 (7th Cir. 1995) ................................................................4, 5

*Sagebrush Rebellion, Inc. v. Watt*,
713 F.2d 525 (9th Cir. 1983) .................................................................6

*Smith v. Marsh*,
194 F.3d 1045 (9th Cir. 2007) ............................................................1, 3

*Trbovich v. United Mine Workers of Am.*,
404 U.S. 528 (1972) ...............................................................................6

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004) .............................................................1, 2

*United States v. British American Tobacco Australia Services, Ltd.*,
437 F.3d 1235 (D.C. Cir. 2006) ............................................................4

*United States v. City of Chicago*,
908 F.2d 197 (7th Cir. 1990) .................................................................4

*United States v. State of Oregon*,
745 F.2d 550 (9th Cir. 1984) .........................................................3, 4, 5

*United States v. Union Elec. Co.*,
64 F.3d 1152 (8th Cir. 1995) .................................................................3

*United States ex rel. McGough v. Covington Tech. Co.*,
967 F.2d 1391 (9th Cir. 1992) ...............................................................5

*Venegas v. Skaggs*,
867 F.2d 527 (9th Cir. 1989) .................................................................9

**FEDERAL STATUTES**

28 U.S.C. Section 1331 ...........................................................................9

Federal Rule of Civil Procedure 24 .....................................................4, 8

**OTHER AUTHORITIES**

Schwarzer, Tashima, & Wagstaffe,
*Fed. Civ. Proc. Before* Trial (2015) § 7:191 .......................................3, 5

## I.

### INTRODUCTION

North Forth Rancheria of Mono Indians of California ("North Fork") and the State of California ("State") misstate the standard for intervention under Federal Rule of Civil Procedure 24 ("Rule 24") and overlook both the nascent stage of this action and the unique question of law posed by this action.  Specifically, North Fork and the State claim the Chowchilla (Chaushilha) Tribe of Yokuts ("Chowchilla Tribe") unreasonably delayed in seeking intervention because it could have intervened in separate actions that raised markedly different legal issues.  North Fork and the State also claim the Chowchilla Tribe's intervention will result in some unspecified prejudicial "delay," without further explanation.  Both North Fork and the State further claim the Chowchilla Tribe application is otherwise untimely and that there is no "protectable interest" warranting intervention.  These arguments are not rooted in the law or facts presented.

Neither parallel proceedings, which concern decidedly different legal issues, nor the Chowchilla Tribe's federal status are relevant to the Rule 24 analysis.  Instead, the critical issue is whether the existing parties may suffer *actual* prejudice by granting intervention. *Smith v. Marsh,* 194 F.3d 1045, 1051 (9th Cir. 2007).  Here, no such prejudice exists.  In the respective oppositions, North Fork and the State warn of some ethereal potential for delay and fail to establish how the "narrow issues" presented by the forthcoming motion and "rapid pace towards resolution," will be disrupted by intervention.  *State Opposition,* 3:17–19.   The Chowchilla Tribe, aware of the briefing schedule articulated by the Court's  July 22, 2015 Scheduling Order, will timely oppose the North Fork motion.  As such, this prong of the timeliness analysis weighs in favor of intervention.

Next, the Chowchilla Tribe's request otherwise satisfies the timeliness factors.  No written discovery has been served, no depositions have been taken, no substantive motions have been filed, the instant complaint was filed a mere *five months* ago, and the State answered the complaint just two months ahead of this motion.  Given the early stage of these proceedings and lack of delay in moving to intervene, intervention is clearly warranted.  *United States v.*

1  *Alisal Water Corp.,* 370 F.3d 915, 921 (9th Cir. 2004).  The lack of prejudice is underscored by

2  the State's and North Fork's concurrence that this case can be decided by cross-motions,

3  neither of which could possibly be prejudiced by any delay, let alone the time involved here.

4          Finally, both parties misconstrue the protectable interest requirement.  North

5  Fork boldly concludes without any factual or legal analysis that the Chowchilla Tribe's

6  claimed interest "… are not related to the subject matter of this action."  *North Fork*

7  *Opposition,* 16:6.  Similarly, the State claims that because the Chowchilla Tribe is not federally

8  recognized, it cannot possess a "significantly protected interest that would actually be affected

9  if North Fork were to prevail in this action and ultimately operate its proposed gaming

10 establishment at the Madera site."  *State Opposition*, 4:21–23.

11         Neither contention is supported by the applicable law or the facts presented in

12 the Topping Declaration.  First, North Fork and the State artificially inflate the level of

13 required interest to intervene.  The Ninth Circuit rejected the notion that Rule 24 requires an

14 exact legal or equitable interest to intervene.  *California ex rel. Lockyer v. United States,* 450

15 F.3d 436, 441 (9th Cir. 2006) ("*Lockyer*") (statute at issue neither gave intervenors enforceable

16 rights nor sought to protect any existing legal rights).  Second, there is a clear, direct

17 relationship between the interests of the Chowchilla Tribe and the North Fork quest to

18 construct, build and operate a Class III gaming facility in the historic and current community of

19 the Chowchilla Tribe.  The Chowchilla Tribe *is* seeking federal recognition and has been

20 continuously recognized by both the state and federal governments since at least 1851.

21 *Declaration of Bart Leonard Topping*, *filed in support of the moving papers* ["*Topping*

22 *Declaration"]*, ¶¶ 3–9.  Moreover, this action threatens to neuter one of the Chowchilla Tribe's

23 most important mechanisms for protecting its interests—California's referendum procedures.

24 Under Rule 24,  Chowchilla Tribe has a protectable interest in halting the development of a

25 casino within its historic boundaries, preserving its historic and continuing tribal community,

26 and ensuring that the referendum remains a meaningful check on state officials.  As such,

27 intervention is proper.  *See, e.g.*, *Lockyer*, 450 F.3d at 441 (sufficient interest where intervenors

28

1  intended beneficiaries of the challenged statute, even though the statute neither gave

2  intervenors enforceable rights nor protected any existing rights).

3  **II.**

4  **LAW AND ARGUMENT**

5  **A.     The Parties Identify No Prejudice Resulting From Intervention.**

6          The Chowchilla Tribe concedes "prejudice" to the litigants is relevant to

7  intervention. *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) ("*Oregon*").

8  But courts interpret prejudice by determining whether the existing parties will suffer any harm

9  as a result of the applicant's failure to request intervention earlier, and "not whether the

10 intervention itself will cause the nature, duration or disposition of the lawsuit to change."

11 Schwarzer, Tashima, & Wagstaffe, *Fed. Civ. Proc. Before* Trial (2015) § 7:191 (quoting

12 *United States v. Union Elec. Co.*, 64 F.3d 1152, 1159 (8th Cir. 1995)).  Typically, where

13 prejudice is found, intervention is sought after substantial litigation and at a stage where the

14 litigation is winding down. *See, e.g.*, *League of United Latin Am. Citizens v. Wilson*, 131 F.3d

15 1297, 1303 (9th Cir. 1997) ("*LULAC*") (intervention likely to lead to re-litigation of issues

16 when sought after issuance of temporary restraining order, subsequent preliminary injunction,

17 an appeal of the injunction, and nine months of discovery); *Marsh*, 194 F.3d 1045 (intervention

18 sought after multiple rounds of motion practice and putative intervenors proposed discrete

19 ways in which they would seek to greatly expand the scope of litigation).

20         North Fork attempts to meet this standard by asserting, without any factual

21 basis, that "substantial prejudice" will occur if the motion to intervene is granted. *North Fork*

22 *Opposition,* 11:10–13.  North Fork simply speculates that granting the motion to intervene will

23 somehow further delay its effort to conduct Class III gaming on the Chowchilla Tribe's historic

24 homeland, and in turn, prevent "… the self-sufficiency and self-determination that IGRA is

25 intended to facilitate." *North Fork Opposition,* 12:14–21.  Revealingly, the State identifies no

26 such "prejudice" related to the granting of the motion.

27         North Fork's claim of "prejudice" is illusory.  First, and as North Fork admits,

28 there are multiple other lawsuits involving its attempt to conduct Class III gaming on the tribal

1    lands of the Chowchilla Tribe.  *North Fork Opposition*, 9:9–14.  As a result, and as North Fork

2    admits, its "… project remains in limbo …" due to multiple factors.  *North Fork Opposition,*

3    12:21.  Thus, it is completely speculative for North Fork to claim operational delay in its

4    potential casino constitutes prejudice when the resolution of this case is not the only

5    impediment to the proposed Class III gaming on the Chowchilla Tribe's lands.

6             The State and North Fork further argue delay *may* occur if the Motion to

7    Intervene is granted relative to the existing briefing schedule ordered by the Court.  *See,*

8    *Docket No. 13.*  However, the Chowchilla Tribe does not seek to alter or amend the schedule.

9    If intervention is granted, the Chowchilla Tribe will file a timely opposition on September 17,

10   2015, and reply (if needed), by October 29, 2015, as ordered by this Court.  *Id.*  In addition, the

11   Chowchilla Tribe will work with the State in preparing the opposition so that arguments are not

12   replicated or duplicated causing unnecessary work for this Court.  As such, the claim of any

13   delay of prejudice by the existing parties in granting Chowchilla Tribe's intervention request is

14   unfounded.

15   **B.       The Chowchilla Tribe's Motion to Intervene Is Timely**

16            Whether intervention is sought as a matter "of right" or merely as "permissive,"

17   it can be granted only "[o]n timely motion." FED. R. CIV. PROC. 24(a), (b)(1); *United States v.*

18   *British American Tobacco Australia Services, Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006)

19   ("timeliness is a prerequisite to any claim for intervention under Rule 24.").  The requirements

20   of Rule 24, including "timeliness," traditionally receive a liberal construction in favor of

21   applicants for intervention.  *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d

22   893, 897 (9th Cir. 2011) (Rule 24(a)(2)'s requirements "are broadly interpreted in favor of

23   intervention"); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ("In determining

24   whether intervention is appropriate, we are guided primarily by practical and equitable

25   consideration.").  "Mere lapse of time alone is not determinative."  *Oregon*, 745 F.2d at 552

26   (timely—8 months).  *Compare Reich v. ABC/York-Estes Corp.*, 64 F.3d 316 (7th Cir. 1995)

27   (timely—19 months), *and United States v. City of Chicago*, 908 F.2d 197 (7th Cir. 1990)

28   (timely—8 years), *cert denied*, 498 U.S. 1067, *and Cal. Dump Truck Owners Ass'n v. Nichols,*

275 F.R.D. 303 (E.D. Cal. 2011) (timely—2 months), *and Officers for Justice v. Civ. Serv. Comm'n*, 934 F.2d 1092 (9th Cir. 1991) (timely—16 years after complaint, and 10 years after consent decree; 1 month after party's change in position), *with Donnelly*, 159 F.3d 405 (untimely—9 years), *and Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005 (9th Cir. 1981) (untimely—2–4 years), *and Farmland Dairies and Fairlawn Dairies, Inc. v. Comm'r of the N.Y. State Dep't of Agric. and Mkts.*, 847 F.2d 1038 (2d Cir. 1988) (untimely— 7 months and after extensive motion practice), *and LULAC*, 131 F.3d 1297 (untimely—27 months), *and ACLU of Minn. v. Tarek ibn Ziyad Academy*, 643 F.3d 1088 (8th Cir. 2011) (untimely—14 months).

Courts evaluate three factors to determine whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States ex rel. McGough v. Covington Tech. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). Courts consider prejudice to the existing parties as the "most important factor" in determining timeliness of a motion to intervene. *Oregon*, 745 F.2d at 552; *Petrol Stops*, 647 F.2d at 1010. The question is whether the existing parties will suffer any harm as a result of the applicant's failure to request intervention earlier. Schwarzer, *supra*, § 7:191. Some courts also consider prejudice to the intervenor-applicant, if its motion to intervene is denied, as relevant to determining whether the motion is "timely." *See Edwards v. City of Houston*, 78 F.3d 983, 1002 (5th Cir. 1996); *Reich*, 64 F.3d at 321; *Farmland Dairies*, 847 F.2d at 1044.

The timeliness factors all weigh in favor of intervention. It is undisputed that no discovery has occurred, no substantive motions have been filed or ruled upon, and, even now, the matter has been at issue for just three months. Despite multiple "claims" of delay on the part of the Chowchilla Tribe, neither the State nor North Fork identifies any specific *reason* intervention at this stage of the proceedings is prejudicial or will cause any additional delay. In fact, and as noted above, the Chowchilla Tribe seeks to *comply* with this Court's Scheduling Order of July 22, 2015. *Docket No. 13.* As such, the parties' timeliness claims are without merit.

**C.**      <u>The Chowchilla Tribe Has Protectable Interests in This Litigation.</u>

"To be entitled to intervene under Rule 24(a)(2) the applicant must establish, among other things, that she is so situated that the disposition of the action may as a practical matter impair or impede her ability to protect her interests." *Cunningham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1037–38 (9th Cir. 1998). The requirement of Rule 24(a) is satisfied if the applicant shows that the representation of his interests by an existing party "may be inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538, n. 10 (1972); *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The burden of showing inadequacy of representation is not a heavy one—a "minimal" showing is all that is required. *Arakaki,* 324 F.3d at 1086; *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). An intervenor-applicant meets its "minimal" burden by showing that the existing parties have an interest adverse to the applicants. *Citizens for Balanced Use*, 647 F.3d at 898; *Arakaki*, 324 F.3d 1086 ("The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties."). In *Citizens for Balanced Use*, for example, the applicants overcome their burden of showing that the Forest Service—a governmental entity—had adverse interests to the applicants. 647 F.3d at 898–899. At first blush, it appeared the Forest Service and applicants shared the same ultimate objective— upholding the validity of an Interim Order issued by the Forest Service. *Id.* at 898. The Ninth Circuit found, however, that the Forest Service's and applicants' interest were not aligned because the Forest Service only issued the Interim Order to comply with an earlier court ruling, a ruling the Forest Service sought to overturn on appeal. *Ibid.*

More specifically, the "significantly protectable" interest requirement is generally satisfied when the interest is protectable under some law, and there is a relationship between the interest and the claims at issue. *Arakaki*, 324 F.3d 1084. The Ninth Circuit has rejected the notion that Rule 24(a)(2) requires an exact legal or equitable interest. Instead, "a party has a sufficient interest for intervention if it will suffer a practical impairment of its interest as a result of the pending litigation." *Lockyer*, 450 F.3d at 441; *see also County of Fresno v. Andrus*, 622 F.2d 436 (9th Cir.1980).

1    *Lockyer* is instructive.   In *Lockyer*, a group of healthcare providers were

2    allowed to intervene where the State of California challenged the constitutionality of the

3    Weldon Amendment, a federal statute preventing governments from receiving certain federal

4    funds if they discriminated against healthcare providers who would not provide abortion

5    services.   450 F.3d at 439.   California had a statute that compelled all healthcare providers to

6    provide emergency services, including abortion services.   *Ibid.*   Although the Weldon

7    Amendment created no enforceable rights for the applicants, the applicants had a sufficiently

8    protectable interest because the outcome of the suit might subject them to forfeiture of their

9    medical licenses if the State succeeded.   *Id.* at 441.   Notably, the Ninth Circuit also found that

10   the United States could not adequately represent the applicants because the United States might

11   argue, in order to save the federal statute, that California's statutes was facially neutral and, as

12   such, did not constitute discrimination within the meaning of the Weldon Amendment.   *Id.*

13   at 444 ("Here, however, the United States and the proposed intervenors have distinctly

14   different, and likely conflicting, interests.").

15          Both the State and North Fork attempt to inflate the standard of "protectable

16   interest" on the part of the Chowchilla Tribe to an actual right or claim in an effort to defeat

17   intervention.   That is not the Rule 24 standard.   *Lockyer*, 450 F.3d at 441.

18          The Chowchilla Tribe's interests here are analogous to those in *Lockyer*.

19   Although IGRA does not create a private right of action for the Chowchilla Tribe, its members

20   are intended beneficiaries as residents of California—IGRA was enacted to balance tribal

21   sovereignty against the interest of the states, and communities, in which gaming is proposed to

22   be conducted.   To that end, state law governs the manner by which a compact may be entered

23   under IGRA, *Pueblo of Santa Ana v. Kelly*, 104 F.3d 1546, 1558 (10th Cir. 1997) ("State law

24   must determine whether a state has validly bound itself to a compact"), and California law

25   empowers the Governor to negotiate its terms, but provides a legislative approval process

26   through which Californians can protect their collective interests by political influence and

27   ultimately referendum.   As Proposition 48 demonstrated, California's referendum mechanism

28   constitutes a powerful tool by which California residents can protect their interests.   North

Fork's action against the State, if successful, would nullify the referendum system, depriving the Chowchilla Tribe of a substantial means of protecting its interests.

Additionally, and as the Chowchilla Tribe submits, having a foreign tribe establish a Class III gaming facility on its historic homeland is, by itself, a protectable interest under Rule 24. Further, and as members of the community in which the gaming facility is proposed, the Chowchilla Tribe *will* be affected by the construction and operation of the Class III gaming facility. Morally speaking, the Chowchilla Tribe is opposed to gambling on its tribal lands, and further, objects to the potential environmental impact caused by the proposed facility. Practically speaking, the Chowchilla Tribe fears that construction of the Class III gaming facility on its historic homelands will impede, complicate, and possibly by grounds for rejection of, its own application for federal recognition which it has been pursuing for years. *Topping Declaration,* ¶¶ 2–9. Each of these interests, individually, is sufficient under Rule 24(a) and (b) to intervene. FED. R. CIV. PROC. 24. Collectively, however, the right of intervention is plainly ascertainable.

**D.      The State Is Not an Adequate Representative.**

As in *Lockyer*, the Chowchilla Tribe and the State have different, and likely conflicting, interests. From the beginning, the State (the political entity, not its residents) has supported North Fork's bid to build a casino. Governor Brown concurred in the Secretary of the Interior's two-part determination, negotiated a gaming compact that was accepted by the Legislature, and then practically invited this suit in his public comments, after the People of the State of California rejected a gaming compact that would authorize Class III gaming at the Madera site by voting down Proposition 48.

The State's demurrer to North Fork's cross-complaint in the *Stand Up* litigation is red-herring. *See* Thorpe Declaration (ECF No. 16-2). In that case, North Fork challenged the ability of the People to reject the gaming compact by referendum. In contrast, here, North Fork's suit offers the State political cover: if the Court finds for North Fork, then the State can say it had no choice but to accept the Madera casino it wanted all along. The State undoubtedly stands to benefit financially from the North Fork Casino. As a result, the State is

1  unlikely to defend as vigorously as the Chowchilla Tribe.  It simply is not enough here to say

2  the government adequately represents the public in a case where "losing" is winning for the

3  Governor's Office.

4  **E.     In the Alternative, Permissive Intervention Is Justified.**

5          Permissive intervention requires: (1) an independent ground for jurisdiction;

6  (2) a timely motion; and (3) a claim or defense sharing a common question of law and fact with

7  the main action.  *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989).  The Chowchilla Tribe

8  meets these requirements.

9          The Court has jurisdiction over the Chowchilla Tribe's defense under 28 U.S.C.

10 § 1331 because the Chowchilla Tribe seeks to intervene to assert defenses against North Fork's

11 claims under IGRA.  As explained in detail above, this motion is timely—very little has taken

12 place in this action and the motion was filed roughly two months after Defendant filed its

13 answer to the complaint.  Finally, the Chowchilla Tribe's defense will raise questions of law

14 and fact in common with North Fork's claims, including whether North Fork may upset the

15 balance IGRA established, by using the "Secretarial Provisions" to circumvent California's

16 gaming compact ratification process.

17         Also explained above, the State is unlikely to adequately represent the

18 Chowchilla Tribe's interests.  Thus, the Court should permit intervention.

19                                            **III.**

20                                      **CONCLUSION**

21         The Chowchilla Tribe seeks intervention of this lawsuit to represent its own

22 interests in connection with the proposed Class III gaming facility on its historic homeland—a

23 site Californians resoundingly rejected by referendum.  The Chowchilla Tribe application

24 poses no risk of prejudice to the existing parties and it is timely because neither discovery nor

25 any substantive motion has been filed or heard by this Court.  Moreover, the Chowchilla Tribe

26 agrees to participate in the existing briefing schedule articulated by this Court in its Scheduling

27 Order of July 22, 2015.  Finally, the Chowchilla Tribe has a significant protectable interest in

28 opposing the construction of a Class III gaming facility on its historic homeland, and protecting

1  the process by which all Californians are able to protect their interests under IGRA.  As such,

2  the Motion for Intervention must be granted.

3

4                                              Respectfully submitted,

5  Dated:  August 10, 2015                     WANGER JONES HELSLEY PC

6

7                                    By:  */s/ Josiah M. Prendergast*

8                                         Timothy Jones,
                                          Patrick D. Toole,
9                                         Josiah M. Prendergast
                                          Attorneys for Intervenor
10                                        Chowchilla (Chaushilha) Tribe of Yokuts

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28