1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  SARA J. DRAKE, State Bar No. 102565
   Senior Assistant Attorney General
3  NEIL D. HOUSTON, State Bar No. 168058
   Deputy Attorney General
4  WILLIAM P. TORNGREN, State Bar No. 58493
   Deputy Attorney General
5  TIMOTHY M. MUSCAT, State Bar No. 148944
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 322-5184
8   Fax: (916) 323-2319
    E-mail: Timothy.Muscat@doj.ca.gov
9  *Attorneys for Defendant State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA,**<br><br>Defendant. | 1:15-cv-00419-AWI-SAB<br><br>**DEFENDANT STATE OF CALIFORNIA'S OPPOSITION TO THE PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS' MOTION TO INTERVENE**<br><br>Date:       May 2, 2016<br>Time:      1:30 p.m.<br>Dept:     2, 8th Floor<br>Judge:    Honorable Anthony W. Ishii<br>Action Filed: March 17, 2015 |

## INTRODUCTION

Plaintiff North Fork Rancheria of Mono Indians of California (North Fork) brought a very narrow action against Defendant State of California (State) under the Indian Gaming Regulatory Act (IGRA), 18 U.S.C. §§ 1166-1168; 25 U.S.C. §§ 2701-2721. Specifically, this action required the Court to decide whether the State violated its statutory duty under IGRA to negotiate a class III gaming compact in good faith with North Fork. Last year, this Court decided this case in North Fork's favor by adjudicating cross-motions for judgment on the pleadings.

1

Over five months after this Court's ruling on dispositive motions by the parties, the Picayune Rancheria of Chukchansi Indians (Picayune Rancheria) filed its motion to intervene. The State asks this Court to deny the Picayune Rancheria's untimely motion.  Because this Court has already made a final ruling on the merits of North Fork's IGRA claim, there is nothing left for the Court to adjudicate.  As a result, the Picayune Rancheria's motion for leave to intervene, both as a matter of right and for permissive intervention, should be denied.

## ARGUMENT

### I.   THE PICAYUNE RANCHERIA IS NOT ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)

The Picayune Rancheria does not meet the four-part test for intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2) (hereafter, Rule 24(a)(2)).  The Ninth Circuit applies the following test for intervention under this statute:

> A party seeking to intervene as of right must meet four requirements:  (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (*Arakaki*) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

When applying this test "[e]ach of these four requirements must be satisfied to support a right to intervene. *Arakaki*, 324 F.3d at 1083 (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  The application of this test has already been fully briefed by the Picayune Rancheria and North Fork, and the State believes that the Picayune Rancheria's motion likely fails all four requirements under Rule 24(a)(2).  The State submits this separate opposition to emphasize the untimeliness of the Picayune Rancheria's motion.

The undisputed facts speak for themselves.  The State and North Fork have long since filed dispositive motions in this IGRA case.  And over five months ago, on November 13, 2015, this Court ruled in North Fork's favor that the State failed to negotiate in good faith under IGRA.

2

Following that dispositive ruling, this Court ordered the parties to conclude a compact, and appointed a mediator after the parties failed to reach agreement or a compact. The mediator met with the parties, received their final compact offers as prescribed by IGRA, and selected North Fork's proposed compact. Following the mediator's selection, the State elected under IGRA not to consent to the mediator's selection of North Fork's proposed compact. As a result, this matter now proceeds to the United States Secretary of the Department of the Interior, who will be responsible for prescribing procedures, consistent with the mediator's selected compact, for North Fork to operate class III gaming at the proposed Madera Site. 25 U.S.C. § 2710(d)(7)(B)(vii).

None of the above facts regarding this IGRA case's advanced procedural setting are disputed. Simply put, this case is over because there are no more legal or factual issues under IGRA for this Court to adjudicate. Accordingly, the Picayune Rancheria's untimely motion to intervene should be denied.

## II. THE PICAYUNE RANCHERIA IS NOT ENTITLED TO PERMISSIVE INTERVENTION UNDER FEDERAL RULE 24(b)

The Picayune Rancheria also seeks permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. Permissive intervention may be permitted when an applicant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (quoting *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). For the reasons previously discussed regarding the untimeliness of the Picayune Rancheria's motion, the State submits that the Picayune Rancheria has not met this burden.

3

## CONCLUSION

For all the forgoing reasons, the Picayune Rancheria's motion to intervene should be denied.

Dated:  April 18, 2016                     Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
NEIL D. HOUSTON
Deputy Attorney General
WILLIAM P. TORNGREN
Deputy Attorney General


/s/ TIMOTHY M. MUSCAT


TIMOTHY M. MUSCAT
Deputy Attorney General
*Attorneys for Defendant State of California*

4

1

## CERTIFICATE OF SERVICE

2  I hereby certify that on **April 18, 2016**, I electronically filed the following documents with

3  the Clerk of the Court by using the CM/ECF system:

4

5  **DEFENDANT STATE OF CALIFORNIA'S OPPOSITION TO
THE PICAYUNE RANCHERIA OF CHUKCHANSI
INDIANS' MOTION TO INTERVENE**

6

7  I certify participants in the case who are registered CM/ECF users will be served by the

8  CM/ECF system.

9  I declare under penalty of perjury under the laws of the State of California the foregoing is

10  true and correct and that this declaration was executed on **April 18, 2016,** at Sacramento,

11  California.

12

13

| Timothy M. Muscat | /s/ TIMOTHY M. MUSCAT |
|---|---|
| Declarant | Signature |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28