KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SARA J. DRAKE, State Bar No. 102565
Senior Assistant Attorney General
TIMOTHY M. MUSCAT, State Bar No. 148944
Deputy Attorney General
   1300 I Street, Suite 125
   P.O. Box 944255
   Sacramento, CA 94244-2550
   Telephone: (916) 322-5184
   Fax: (916) 327-2319
   E-mail: Timothy.Muscat@doj.ca.gov
*Attorneys for Defendant State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA,**<br><br>Defendant. | Case No. 1:15-cv-00419-AWI-SAB<br><br>**DEFENDANT STATE OF CALIFORNIA'S RESPONSE TO ORDER REQUIRING BRIEFING ON WHETHER THE DISTRICT COURT SHOULD STAY THIS ACTION**<br><br>Courtroom:  2, 8th Floor<br>Trial Judge:  Honorable Anthony W. Ishii<br>Trial Date:  N/A<br>Action Filed:  March 17, 2015 |

## INTRODUCTION

On June 27, 2016, this Court issued an order denying the motion to intervene filed by the Picayune Rancheria of Chukchansi Indians (Chuckchansi). This Court also ordered the Defendant State of California (State) and Plaintiff North Fork Rancheria of Mono Indians of California (North Fork) to further brief the impact on this case of other pending litigation. Specifically, this Court referenced litigation in the United States District Court for the District of Columbia in *Stand Up for California! v. United States Department of the Interior*, Case No. 1:12-cv-02039-BAH (D.D.C), 12-cv 2071 (District of Columbia Action), and the appeal in the California Fifth District Court of Appeal, *Stand Up for California! v. State of California*, Case

1

No. F069302 (Cal. Ct. App. 5th Dist.) (Fifth District Court of Appeal Action). In addition to the State and North Fork, this Court authorized Chuckchansi to participate in this briefing. Finally, this Court asked the State, North Fork, and Chuckchansi to address whether a stay should be imposed in this action. In compliance with the Court's order, the State provides the following response.

### I. A STAY SHOULD NOT BE IMPOSED IN THIS CASE DUE TO THE PENDING LITIGATION IN THE FIFTH DISTRICT COURT OF APPEAL ACTION

The State is not involved in the District of Columbia Action identified by the Court and is not a party to that case. It has not filed any amicus briefs, participated in any discovery, or taken any legal positions whatsoever in that litigation. Given the State's complete lack of involvement in the District of Columbia Action, the State has no position to offer regarding that case's impact on this litigation.[1]

In contrast to the District of Columbia Action, the State is a party to the Fifth District Court of Appeal Action. The State fully participated in that litigation before the Madera County Superior Court, and it, along with that case's other state defendants,[2] obtained a favorable judgment on March 12, 2014, against Plaintiffs Stand Up for California! and Barbara Leach (collectively, Stand Up). Stand Up appealed that judgment. The parties have fully briefed that appeal, and the matter is scheduled for oral argument on July 26, 2016.

The central issue in the Fifth District Court of Appeal Action is whether the Governor violated California's separation-of-powers doctrine when he concurred in a determination by the

---

[1] The State, of course, fully recognizes that the Indian Gaming Regulatory Act (IGRA) (18 U.S.C. §§ 1166-1168; 25 U.S.C. §§ 2701-2721) requires the satisfaction of three conditions prior to the commencement of class III gaming on a tribe's Indian lands: (1) the tribe must have an approved tribal ordinance authorizing the class III gaming; (2) the class III gaming is located in a state that permits such gaming activity for any purpose; and (3) the class III gaming must be conducted pursuant to an approved tribal-state gaming compact that is in effect, or by prescribed procedures adopted by the Secretary of the United States Department of the Interior (Secretary). 25 U.S.C. § 2710(d)(1), 2710(d)(7)(B)(vii). If any of these IGRA requirements were removed by future court action, then North Fork would no longer possess the statutory prerequisites under IGRA to continue class III gaming at its land commonly known as the "Madera parcel."

[2] The additional state defendants in the Fifth District Court of Appeal Action are Governor Edmund G. Brown Jr. (Governor), Attorney General Kamala D. Harris, the California Gambling Control Commission, and the Bureau of Gambling Control.

Secretary under IGRA.[3] In this IGRA determination the Secretary decided that it would be in North Fork's best interest to establish gaming on land known as the Madera parcel, and that the proposed gaming would not be detrimental to the surrounding community. In that action the Governor raised three reasons why his concurrence with the Secretary's two-part determination did not violate the California Constitution.

First, the Governor's concurrence in the Secretary's IGRA determination was authorized under both the California Constitution and statutory law. In particular, the California Constitution unambiguously authorizes the Governor to negotiate and conclude compacts with "federally recognized Indian tribes on Indian lands in accordance with federal law." Cal. Const., art. IV, § 19, subd. (f). Thus, under this state constitutional provision, the Governor's concurrence in the Secretary's IGRA determination was made "in accordance with federal law." *Id.* Second, no separation-of-powers violation occurred because the Governor never materially impaired the Legislature's constitutional power to ratify or reject the North Fork Compact. Finally, the Legislature's ratification of the North Fork Compact cured any alleged constitutional deficiency regarding the Governor's concurrence. Given these reasons, the State anticipates that the appellate court will affirm the superior court's judgment in the Governor's favor in the Fifth District Court of Appeal Action. Accordingly, this Court should not stay its judgment on the pleadings due to that ongoing litigation.

However, even if the appellate court in the Fifth District Court of Appeal Action reversed the superior court's judgment in the Governor's favor, a stay would still remain unwarranted in light of this case's advanced procedural setting. The facts regarding this case's procedural history are not disputed. When this Court granted judgment on the pleadings in North Fork's favor on November 13, 2015, the Court also ordered North Fork and the State to conclude a compact within 60 days pursuant to 25 U.S.C. § 2710(d)(7)(B)(iii). On January 13, 2015, this Court issued

---

[3] North Fork has dismissed its separate appeal against the State in the Fifth District Court of Appeal. The appellate court filed the order dismissing the appeal pursuant to a stipulation of the parties on June 2, 2016. In that appeal, North Fork had challenged the Madera County Superior Court's decision in the State defendants' favor that the legislature's ratification statute for a tribal-state compact was subject to a referendum vote under California law.

an Order to Show Cause why it should not select a mediator and require the State and North Fork to submit their last best offers to a mediator under 25 U.S.C. § 2710(d)(7)(B)(iv).  Following joint responses by the State and North Fork, on January 26, 2016, this Court selected a mediator under IGRA to receive the parties' last best compact offers.  After each party submitted these offers, on February 11, 2016, the mediator, pursuant to 25 U.S.C. § 2710(d)(7)(B)(v), selected the tribal-state compact submitted by North Fork.  Under 25 U.S.C. § 2710(d)(7)(B)(vi), the State then had until April 11, 2016, to consent to the mediator's selected compact.  The State chose not to consent, and on April 11, 2016, the mediator advised the United States Department of the Interior of this case's status.  North Fork and the State are now waiting for the Secretary to prescribe procedures, consistent with the mediator's selected compact, for North Fork to operate class III gaming at the proposed Madera parcel.  25 U.S.C. § 2710(d)(7)(B)(vii).  At this point, there are no further issues for this Court to adjudicate.

Moreover, Chuckchansi would suffer no harm by the lack of a stay because on July 1, 2016, the tribe filed a new lawsuit directly challenging the Secretary's authority to prescribe procedures regarding the Madera parcel.  In *Picayune Rancheria of Chukchansi Indians v. United States Department of the Interior*,[4] Case No. 1:16-cv-00950-AWI-EPG, Chukchansi's requested relief includes injunctive relief to block the Secretary from prescribing any procedures under IGRA that would permit North Fork to conduct class III gaming on the Madera parcel.  As a result, Chukchansi is now directly challenging the use of these procedures in a case where the Secretary is a party.  Accordingly, there is no need to issue a stay in this lawsuit.

---

[4] In addition to the United States Department of the Interior, Chukchansi also names as defendants the Secretary, and Lawrence S. Roberts, Acting Assistant Secretary of the Interior for Indian Affairs.

## CONCLUSION

For all the forgoing reasons, this Court should not issue a stay.

Dated: July 15, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
SARA J. DRAKE
Senior Assistant Attorney General
NEIL D. HOUSTON
Deputy Attorney General
WILLIAM P. TORNGREN
Deputy Attorney General

/S/  TIMOTHY M. MUSCAT

TIMOTHY M. MUSCAT
Deputy Attorney General
*Attorneys for Defendant State of California*

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2016, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT STATE OF CALIFORNIA'S RESPONSE TO ORDER REQUIRING BRIEFING ON WHETHER THE DISTRICT COURT SHOULD STAY THIS ACTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 15, 2016, at Sacramento, California.

| TIMOTHY M. MUSCAT | /s/ TIMOTHY M. MUSCAT |
|---|---|
| Declarant | Signature |

11818461.doc