JOHN C. CRUDEN
Assistant Attorney General

JOSEPH NATHANAEL WATSON (Georgia State Bar No. 212038)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Indian Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone:  (303) 844-1348
Facsimile:   (303) 844-1350
Joseph.Watson@usdoj.gov

Attorney for the United States

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE NORTH FORK TRIBE OF MONO INDIANS OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendant. | Case No. 15-cv-00419 |

**NOTICE**

This Court issued an order asking the State of California and the North Fork Rancheria of Mono Indians ("North Fork" or "Tribes") to file a brief addressing "the impact of this action on the District of Columbia Action and the California Fifth District Court of Appeal action, and

whether a stay should be imposed in this action."[1]  Order of June 27, 2016, at 16, ECF No. 36. The United States respectfully informs this Court that the Secretary has already prescribed the procedures mandated by IGRA.  Exhibit A (procedures issued on July 29, 2016).  This case should not be stayed because, consistent with IGRA and this Court's order, the Secretary has carried out her duty to, ""in consultation with the Indian Tribe,' "prescribe . . . procedures" which are "consistent with the proposed compact selected by the mediator . . .," IGRA, and "the relevant provisions of the laws of the State.  25 U.S.C. § 2710(d)(7)(B)(vii).  This occurred because the mediator, as required by IGRA, notified the Secretary that the State failed to consent to the proposed compact selected by the mediator and submitted the proposed compact to the Secretary.  *Id.*

A stay preserves the status quo.  Contrary to Picayune Rancheria of Chukchansi Indians' ("Picayune") assertions, Response of Amicus Curiae Picayune Rancheria of Chukchansi Indians, ECF No. 43, a stay cannot be used to usurp the Secretary's mandatory duty under IGRA and the orders of this Court to issue procedures, particularly not in in a case where the time for appeal has run, there is no action challenging the Secretary's action (nor could there be), and the Secretary is not a party.  A stay may be a useful vessel to preserve the status quo, but Picayune has asked this court to use a stay to fundamentally alter the status quo, while also shattering decades old interpretations of the APA, sovereign immunity, standing, and finality.  Picayune is now attempting to tangle up three courts over the same question.  Perhaps they should pick one and carefully assess whether they have any legal standing to challenge the Secretary's compliance with IGRA's mandates and this Court's orders.

---

[1] The United States of America and the United States Department of the Interior are parties to the District of Columbia Action, <u>Stand Up for California! v. United States Department of the Interior</u>, Case No. 1:12-cv-2039-BAH (D.D.C.)

The United States and the Department of the Interior respectfully request that this Court avoid entry of any stay, because the process mandated by IGRA had already been carried out.

DATED this 2nd Day of August, 2016

                                                  Respectfully submitted,

                                                  JOHN C. CRUDEN
                                                  Assistant Attorney General

                                                    /s/ Joseph Nathanael Watson
                                                  JOSEPH NATHANAEL WATSON
                                                  Trial Attorney
                                                  United States Department of Justice
                                                  Environment & Natural Resources Division
                                                  Indian Resources Section