CHRISTOPHER E. BABBITT (SBN 225813)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
E-mail: christopher.babbitt@wilmerhale.com

JOHN A. MAIER (SBN 191416)
MAIER PFEFFER KIM GEARY & COHEN LLP
1440 Broadway, Suite 812
Oakland, CA  94612
Telephone:  (510) 835-3020
Facsimile:  (510) 835-3040
E-mail: jmaier@jmandmplaw.com

Attorneys for Plaintiff
NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA, | Case No. 15-cv-00419-AWI-SAB |
|---|---|
| Plaintiff, | |
| v. | **NORTH FORK'S RESPONSE TO AMICUS CURIAE PICAYUNE'S RESPONSE TO NOTICE OF ISSUANCE OF SECRETARIAL PROCEDURES** |
| STATE OF CALIFORNIA, | |
| Defendant. | |

The North Fork Rancheria of Mono Indians of California ("North Fork") respectfully submits this response to the Response of Amicus Curiae Picayune Rancheria of Chukchansi Indians to North Fork's Notice of Issuance Of Secretarial Procedures[1]:

1.      Picayune is in no position to ask this Court to prevent North Fork from gaming under the issued Secretarial Procedures based on the possibility that another court, in another case, might determine that the Secretary of the Interior erred in taking the Madera Parcel into trust for North Fork.  That question is squarely before the U.S. District Court for the District of Columbia and is beyond the scope of this case.  *See Stand Up for California! v. U.S. Dep't of the Interior*, 919 F. Supp. 2d 51 (D.D.C. 2013); *see also Big Lagoon Rancheria v. California*, 789 F.3d 947, 953-955 (9th Cir. 2015) (en banc) (collateral attacks on land-into-trust decision cannot be litigated in good-faith litigation); Dkt. 38 at 9:6-10:5.  At every stage of this litigation—including now—the Madera Parcel has qualified as "Indian lands" under IGRA.  *See* Dkt. 38 at 3:19-20.  And if the Madera Parcel were ultimately determined not to be Indian lands as a consequence of the D.C. litigation, that determination would independently preclude North Fork from gaming on the Madera Parcel, even under the Secretarial Procedures the Secretary has issued.  *See* Dkt. 38 at 10:6-25; Dkt. 41 at 4:19-23, 8:26-28.

2.      Picayune is likewise wrong that there was ever any risk of potentially inconsistent rulings—or obligations imposed on the Secretary—relating to gaming on the Madera Parcel.  *See* Dkt. 38 at 9:4-13:25; Dkt. 41 at 4:1-6:14; *see also Rincon Band of Luiseno Mission Indians of Rincon Reservation v. Schwarzenegger*, 602 F.3d 1019, 1042 (9th Cir. 2010) (affirming district court finding that State of California negotiated with tribe in bad faith for new amended compact, even when State and tribe had already entered into valid existing compact).  In any event, Section 18.2 of the Secretarial Procedures makes clear that the Secretarial Procedures displace the 2012 Compact that Picayune cites as a basis for the asserted inconsistency.  Section 18.2 provides:

These Secretarial Procedures, together with all appendices,
set forth the full and complete authorization by the Secretary of the

---

[1] A copy of the Secretarial Procedures was filed as an attachment to the Notice filed by the United States on August 2, 2016.  *See* Dkt. 44-1.

Interior for the Tribe to conduct class III gaming on its Indian lands pursuant to IGRA and supersede any prior agreements or understandings with respect to the subject matter hereof.

> *On the effective date of these Secretarial Procedures, any and all prior tribal-state Class III gaming compacts entered into between the Tribe and the State shall be null and void and of no further force and effect.*

Dkt. 44-1 at 109 (emphasis added).  Thus, by their terms, the Secretarial Procedures eliminate any potential risk of inconsistency (to the extent it ever existed).

3.    This litigation is not a vehicle for challenging the Secretary of the Interior's issuance of the Secretarial Procedures.  If Picayune had grounds or standing to bring such a challenge, it would have to do so through separate litigation, by Picayune against the Secretary of the Interior, neither of whom are parties to this good-faith litigation between North Fork and the State of California.

4.    The purposes of the remedial cause of action that IGRA provides tribes in North Fork's position have now been fulfilled:  Following this Court's November 13, 2015 ruling, North Fork and the State returned to the bargaining table and then pursued mediation—and when the parties were unable to reach agreement, the matter was referred to the Secretary of the Interior, who fulfilled her statutory mandate to issue Secretarial Procedures consistent with the compact selected by the mediator.  With those procedures now issued, North Fork respectfully submits that there are no further issues for the Court to decide and that the case should be closed. *See* Order, *Rincon Band of Luiseno Mission Indians of Rincon Reservation v. Schwarzenegger*, No. 04-1151, Dkt. No. 328 (S.D. Cal. Feb. 7, 2014) (order in good-faith litigation, after issuance of Secretarial Procedures, that "the instant matter be closed").

RESPONSE TO RESPONSE TO NOTICE OF ISSUANCE OF SECRETARIAL PROCEDURES

1 | DATED:  August 4, 2016                    Respectfully submitted,

2

3                                             By:  /s/ Christopher E. Babbitt

4                                             CHRISTOPHER E. BABBITT (SBN 225813)

5                                             WILMER CUTLER PICKERING
                                                HALE AND DORR LLP
6                                             1875 Pennsylvania Avenue, N.W.
                                              Washington, D.C.  20006
7                                             Telephone:  (202) 663-6000
                                              Facsimile:  (202) 663-6363
8                                             E-mail: christopher.babbitt@wilmerhale.com

9                                             JOHN A. MAIER (SBN 191416)

10                                            MAIER PFEFFER KIM GEARY & COHEN LLP
                                              1440 Broadway, Suite 812
11                                            Oakland, CA  94612
                                              Telephone:  (510) 835-3020
12                                            Facsimile:  (510) 835-3040
                                              E-mail: jmaier@jmandmplaw.com

13

14                                            Attorneys for Plaintiff NORTH FORK RANCHERIA
                                              OF MONO INDIANS OF CALIFORNIA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO RESPONSE TO NOTICE OF ISSUANCE OF SECRETARIAL PROCEDURES

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORTH FORK RANCHERIA OF MONO INDIANS OF CALIFORNIA, | Case No. 15-cv-00419 |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| STATE OF CALIFORNIA, | |
| Defendant. | |

I hereby certify that, on August 4, 2016, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Eastern District of California using the CM/ECF system, which sent notification of such filing to counsel of record in this case.

/s/ Christopher E. Babbitt

CHRISTOPHER E. BABBITT (SBN 225813)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363
E-mail: christopher.babbitt@wilmerhale.com