**SLOTE, LINKS & BOREMAN, LLP**
Robert D. Links (SBN 61914) (bo@slotelaw.com)
Adam G. Slote, Esq. (SBN 137465 ) (adam@slotelaw.com)
Marglyn E. Paseka (SBN 276054) (margie@slotelaw.com)
1 Embarcadero Center, Suite 400
San Francisco, CA 94111
Phone: 415-393-8001
Fax: 415-294-4545
Attorneys for Plaintiffs

**JEFFREY H. WOOD**
**Acting Assistant Attorney General**

JUDITH RABINOWITZ (Alaska State Bar No. 8912094)
Indian Resources Section
Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105
Telephone: (415) 744-6486
judith.rabinowitz2@usdoj.gov
Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CAL-PAC RANCHO CORDOVA, LLC, dba PARKWEST CORDOVA CASINO, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | **No. 2:16-CV-02982-KJM-KJN**<br><br>**PARTIES' JOINT NOTICE OF RELATED CASES**<br><br>**Also filed in the following Eastern District actions discussed in the body of this notice:**<br><br>**No. 12-CV-3021-TLN (Sacramento Div.)**<br>**No. 14-CV-1939-TLN (Sacramento Div.)**<br>**No. 15-CV-419-AWI (Fresno Div.)**<br>**No. 16-CV-950-AWI (Fresno Div.)**<br>**No. 16-CV-1908-AWI (Fresno Div.)**<br>**No. 16-CV-2681-AWI (Fresno Div.)** |

Pursuant to Local Rule 123(b) and the Court's order issued at the parties' joint scheduling conference on April 27, 2017, the parties hereby submit this updated Notice of Related Cases which will be filed simultaneously in the Eastern District cases listed below.

The following cases may be related to the above-captioned case:

**Potentially Related Cases Involving the Estom Yumeka Maidu Tribe of the Enterprise Rancheria:**

1) *Citizens for a Better Way, et al. v. U.S. Dep't of the Interior*, No. 12-CV-3021 TLN (E.D. Cal., filed December 14, 2012). This case involved, *inter alia*, a challenge to the "two-part determination" under 25 U.S.C. 2719 (b)(1)(A) that gaming on lands acquired in trust by the Secretary for the Estom Yumeka Maidu Tribe of the Enterprise Rancheria (Enterprise Tribe) under the Indian Reorganization Act, was in the best interest of the Tribe and not detrimental to the surrounding community. The court granted the defendants' motion for summary judgment on September 24, 2015, and the matter is currently on appeal to the Ninth Circuit as No. 17-5533.

2) *The Estom Yumeka Maidu Tribe of the Enterprise Rancheria of California v. State of California*, No. 14-CV-1939 TLN (E.D. Cal., filed August 20, 2014). This case is final and time to file a notice of appeal has run. In this case, the Enterprise Tribe asserted that the State of California failed to negotiate a class III gaming compact as required by IGRA, 25 U.S.C. 2710 (d)(3)(A). In February of 2016, the court ruled in favor of the Tribe and, , ordered the parties to negotiate and conclude a compact within 60 days. 25 U.S.C. 2710 (d)(7)(B)(iii). When the parties failed agree on a compact, the court appointed a mediator and ordered each party to submit their respective last, best offer for a compact. 25 U.S.C. 2710 (d)(7)(B)(iv). The mediator selected the compact that best comported with IGRA, any other Federal law, and the findings of the court. *Id*. After the State failed to consent to the selected compact within 60 days, the mediator notified the Secretary of the Interior Department of the State's inaction and forwarded the selected compact to the Department. 25 U.S.C. 2710 (d)(7)(B)(vi-vii). The Secretary prescribed procedures authorizing the Enterprise Tribe to conduct class III gaming ("Secretarial Procedures"). *Id*.

**Potentially Related Cases Involving the North Fork Rancheria of Mono Indians:**

3) *North Fork Rancheria of Mono Indians v. State of California*, No. 15-CV-419-AWI (E.D. Cal., filed March 17, 2015). This case is final and time to file a notice of appeal has run. In this case, the North Fork Rancheria of Mono Indians (Tribe) asserted that the State of California failed to negotiate a class III gaming compact as required by IGRA, 25 U.S.C. 2710 (d)(3)(A). The court ruled in favor of the Tribe and, ordered the parties to negotiate and conclude a compact within 60 days. 25 U.S.C. 2710 (d)(7)(B)(iii). When the parties failed agree on a compact, the court

appointed a mediator and ordered each party to submit their respective last, best offer for a compact. 25 U.S.C. 2710 (d)(7)(B)(iv). The mediator selected the compact that best comported with IGRA, any other Federal law, and the findings of the court. *Id*. After the State failed to consent to the selected compact within 60 days, the mediator notified the Secretary of the Interior Department of the State's inaction and forwarded the selected compact to the Department. Secretarial Procedures were prescribed that authorize the Tribe to conduct Class III gaming.[1]

4) *Stand Up for California v. U.S. Dep't of the Interior*, No. 16-CV-2681-AWI (E.D. Cal., filed November 11, 2016). This case raises a closely related issue in that plaintiffs contend the Secretarial Procedures are invalid because they violate IGRA and the Johnson Act, 15 U.S.C. § 1175.

5) *Club One Casino, Inc. v. U.S. Dep't o the Interior*, No. 16-CV-1908-AWI (E.D. Cal. filed December 21, 2016). This case raises the identical legal issue as the present case, but with respect to the Secretarial Procedures prescribed for the North Fork Rancheria of Mono Indians.

6) *Picayune Rancheria v. U.S. Dep't of the Interior*, No. 16-CV-950-AWI (E.D. Cal., filed July 1, 2016). This case was filed approximately one month before the issuance of the Secretarial Procedures for the North Fork Rancheria of Mono Indians. Picayune challenges the Secretarial Procedures prescribed for the North Fork Rancheria of Mono Indians of California, pursuant to the orders of the court in *North Fork Rancheria of Mono Indians of California v. California*, 15-CV-419-AWI (E.D. Cal., filed Mar. 17, 2015), described above in Paragraph 1).

The parties agree that the federal actions listed above may be related as defined in Local Rule 123 given that they involve similar claims, parties, or questions of fact and law as indicated in the brief discussions following each case citation. As such, assignment to the same

---

[1] The parties note that while not a potentially related case under L.R. 123(b), the District Court for the District of Columbia has issued the following decisions relevant to the above list of cases in this district involving the North Fork Tribe: *Stand Up for California! v. U.S. Dep't of the Interior* (*Stand Up I*), 919 F. Supp. 2d 51 (D.D.C. 2013) (denying Picayune Tribe's request for preliminary injunction); *Stand Up for California! v. U.S. Dep't of the Interior* (*Stand Up II*), 71 F. Supp. 3d 109 (D.D.C. 2014) (dealing with administrative record issues); and *Stand Up for California! v. U.S. Dep't of the Interior* (*Stand Up III*), No. 204 F. Supp. 3d 212 (D.D.C. 2016) (granting summary judgment on most claims for Federal Defendants and North Fork, and dismissing the other claims). In these cases the Picayune Tribe and Stand Up challenged the Governor's concurrence in the Secretary's two-part determination and the Secretary's two-part determination. Federal Defendants and North Fork prevailed on summary judgment on all claims not otherwise dismissed pursuant to Rule 19. The Picayune Tribe and Stand Up have appealed. D.C. Circuit Nos. 16-5327 & 16-5328.

judge may effect a substantial savings of judicial effort or other economies. This is especially true with respect to the first two federal cases in the above list.

Dated: May 8, 2017

**SLOTE LINKS & BOREMAN, LLP**

By: ________/s/_____________________
Robert D. Links

Attorneys for Plaintiffs

**JEFFREY H. WOOD**
**Acting Assistant Attorney General**
**JUDITH RABINOWITZ**
Indian Resources Section
Environment & Natural Resources Division
United States Department of Justice

By: ______ /s/ _______________________
Judith Rabinowitz
Counsel for Federal Defendants